PER CÜRIAM.
The City appeals a final judgment issuing a peremptory writ of mandamus upon the petition of the appellee, Larry Born-stein. The trial court found as follows:
“It is the opinion of this Court that the Petitioner is an eligible employee member of the Miami Beach Employees Retirement System, as defined in Ordinance No. 1901, Article III, Section 3.01 of the Ordinance of the City of Miami Beach, who is entitled to prosecute his application for a service-connected disability retirement and present supporting evidence thereof before the Defendants pursuant to Ordinance No. 1901, Article *238 VII, Section 7.06(c), Ordinances of the City of Miami Beach.”
The gist of the City’s argument is that Bornstein’s application for a hearing before the Employees Retirement Board was on its face totally defective because it alleged that his condition was an “accident and disease.” See Maryland Casualty Co. v. Broadway, 110 F.2d 357 (5th Cir. 1940).
We agree with the trial judge that it will be more appropriate to determine the nature of the employee’s condition and his eligibility for benefits after a hearing is conducted. See Interstate Commerce Commission v. United States ex rel. Humboldt Steamship Co., 224 U.S. 474, 32 S.Ct. 556, 56 L.Ed. 849 (1912). Compare Williamson v. State ex rel. Neill, 112 Fla. 840, 151 So. 51 (1933). We therefore affirm.
We do not by this holding determine that appellant’s petition makes a prima fa-cie case for compensation but simply that the trial court did not err in determining that the petitioner was entitled to a hearing before the Board.
Affirmed.